IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELLEN BRODSKY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX 15-3587 |
| KAVO DENTAL TECHNOLOGIES, LLC, *et. al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION AND ORDER**

Pending in this matter are the motion for partial summary judgment as to liability filed by Plaintiffs Ellen Brodsky ("Brodsky") and Yakov Brodsky ("Mr. Brodsky") against Defendant Henry Schein, Inc. ("Henry Schein") (ECF No. 42), and the motion for summary judgment filed by Defendant KaVo Dental Technology, LLC ("KaVo") (ECF No. 45). The motions have been fully briefed and oral argument was heard on Thursday, December 14, 2017. After considering the parties' arguments, the Court GRANTS the Plaintiffs' motion and DENIES KaVo's motion.

**I.     Background**

The following facts are undisputed. Plaintiff Ellen Brodsky is a dentist in Bethesda, Maryland. ECF No. 42-3 at ¶¶ 6–8. In 2010, Brodsky contracted with the company Henry Schein to purchase and install equipment in her dental practice, including the Helios light manufactured by KaVo. *See* ECF No. 42-3 at ¶ 8. Proper installation of the Helios light required drilling a hole through the mounting pole that affixes the lamp to the ceiling and installing a roll pin into the drilled hole. ECF No. 42-9 at 22–23. Henry Schein failed to install the required roll pins in the Helios lights. ECF No. 42-8 at 4. In 2012, while she was examining

1

a patient, the lamp of a Helios light separated from its mounting pole, striking Brodsky in the face and head and causing her significant injury. *See* ECF No. 42-3 at ¶¶ 10, 11.

On October 13, 2015, the Plaintiffs filed suit against the Defendants in Montgomery County Circuit Court for negligent manufacturing and design defect against KaVo (Counts I and II), negligent installation and breach of contract against Henry Schein (Counts III and IV), and loss of consortium against each defendant (Counts V and VI). ECF No. 2. On November 24, 2015, Defendants removed the action to this Court based on diversity jurisdiction. ECF No. 1. The Plaintiffs moved for summary judgment as to Henry Schein's liability on the negligence count. ECF No. 42. KaVo moved for summary judgment in its favor in light of Henry Schein's negligence. ECF No. 45.

### I. STANDARD OF REVIEW

When presented with a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). "Summary judgment is appropriate only if the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Woollard v. Gallagher*, 712 F.3d 865, 873 (4th Cir. 2013). Summary judgment properly is granted when, construing the evidence in the record and drawing all reasonable inferences in favor of the non-moving party, it nevertheless is "perfectly clear" that no genuine dispute of fact exists. *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001).

## II. DISCUSSION

### a. The Plaintiffs' Motion for Summary Judgment as to Henry Schein

The Plaintiffs seek partial summary judgment in their favor as to the negligence claim against Henry Schein. Sitting in diversity, this Court applies the substantive law of the forum state, in this case, Maryland. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013) ("A federal court sitting in diversity is required to apply the substantive law of the forum state, including its choice-of-law rules."). To prevail in negligence, a plaintiff must prove "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of duty." *Washington Metro. Area Trans. Auth.*, 387 Md 217, 223 (2005). For the fourth element, proximate causation, a plaintiff must demonstrate that a defendant's acts or omissions are both a cause-in-fact of the plaintiff's injuries and a legal cause of those injuries. *See Chang-Williams v. United States*, 965 F. Supp. 2d 673, 692 (D. Md. 2013).

Importantly, "an injury may have more than one 'proximate cause.' Thus, the causation element requires plaintiff to establish not that defendant's negligence was the sole cause of plaintiff's damages, but that there is a reasonable connection between defendant's negligence and plaintiff's damages." *Young v. United States*, 667 F. Supp. 2d 554, 561 (D. Md. 2009). When an injury is the result of more than one independent act, "causation-in-fact is satisfied if it is more likely than not that the defendant's conduct was a substantial factor in producing the plaintiff's injuries." *Chang-Williams*, 965 F. Supp. 2d at 693 (internal quotation marks omitted). Each cause-in-fact is a proximate cause if it meets the foreseeability standard that the harm that befell the plaintiff is within "a general field of danger that the [defendant] should have

anticipated or expected." *Id.* (internal quotation marks and citation omitted). "Although causation is generally a factual question for the jury, it becomes a question of law in cases where reasoning minds cannot differ." *Doe v. Board of Educ. Of Prince George's Cty.*, 982 F. Supp. 2d 641, 662 (D. Md. 2013) (internal quotation marks omitted).

Here, the undisputed evidence demonstrates that Henry Schein, as the installer of the Helios lights, owed the Plaintiffs a duty of due care, that is, to install the lights in a reasonably safe manner. Further, it is undisputed that Henry Schein failed to install the roll pin as per the manufacturer's instructions, and that this failure (at least in part) caused the light to separate from the arm and fall on Brodsky's face and head. The Plaintiffs' expert, mechanical engineer Michael Leshner, opined that Henry Schein's failure to install the roll pin proximately caused Brodksy's injuries. Henry Schein offered no evidence, expert or otherwise, to counter Leshner's opinion. Thus, even when construing the evidence in the light most favorable to Henry Schein, summary judgment in the Plaintiffs' favor as to the negligence count is warranted.

Henry Schein does not and cannot meaningfully contest its own liability in this case. Rather, Henry Schein contends that summary judgment is inappropriate because KaVo's alleged design defect, namely inferior threads in the male and female ends of the arm supporting the light, independently caused the light to fall without respect to Henry Schein's negligence. *See* ECF No. 49 at 1-3. This argument is unavailing. Leshner consistently testified that Henry Schein's failure to install a roll pin combined with the defective threads together proximately caused Brodksy's injuries. *See* Leshner Dep. 30:15–31:3; 35:2–36:5; 99:12–21; 133:21–134:1; 137:10–21; 170:1–7; 222:2–7; *see also* ECF No. 49-3 (Leshner Report) at 12; ECF No. 49-2 (Leshner Supplemental Report) at 3; ECF No. 49-4 (Leshner Second Supplemental) at 7–8. Leshner opined specifically that:

4

> [M]y opinion is that both the male and female threads involved were not manufactured according to their specifications and were not compliant with industry standards for that size of thread in at least three different ways, and that by – and that during the installation, a roll pin that was supposed to be installed was never installed, the setscrews that were intended to be tightened I don't believe were tightened and *that all of those factors taken together resulted in a separation and incident.*

Leshner Dep. 30:15–31:3 (emphasis added). Accordingly, even when viewing the evidence in the light most favorable to Henry Schein, no reasonable trier of fact could construe KaVo's defective design as the sole or intervening cause of Brodsky's injuries sufficient to defeat summary judgment. Rather, Henry Schein's negligence, according to the uncontradicted expert testimony of Leshner, was a substantial factor to Brodsky's injury. *Cf. Certain-Teed Prod. Corp. v. Goslee Roofing & Sheet Metal, Inc.*, 26 Md. App. 452 (1975). Plaintiff's motion for summary judgment as to Henry Schein's negligence (Count III) therefore is GRANTED.

### b. Defendant KaVo's Motion for Summary Judgment as to Counts I, II, and V

In its motion, KaVo essentially argues the photo-negative of Henry Schein: KaVo contends that because Henry Schein failed to install the roll pin in the Helios light as required by the installation manual, the Helios light was "misused," thereby defeating the Plaintiffs' design defect and negligent manufacturing claims as a matter of law. ECF No. 45-1 at 1–3. In support of its position, KaVo cites to *Lightholier, A Div. of Genlyte Thomas Group, LLC v. Hoon*, 387 Md. 539 (2005), *Ellsworth v. Sherne Lingerie, Inc.*, 303 Md. 581 (1985), *Hood v. Ryobi Am. Corp.*, 181 F.3d 608 (4th Cir. 1999), and *Halliday v. Sturm, Ruger & Co., Inc.*, 138 Md. App. 136 (2001), *aff'd*, 368 Md. 186 (2002). Collectively, these cases stand for the proposition that where apparent misuse of the product causes a plaintiff's injuries, the manufacturer is relieved from liability.

However, in each case, the apparent misuse of the product was the *sole cause* of the plaintiffs' injuries—either no design defect existed, there was no misuse, or the alleged defect

5

did not play a role in the chain of causation leading to the plaintiff's injuries. *See Lightholier*, 387 Md. at 555–56 (plaintiff homeowners sued manufacturer of a light fixture over a fire that started because insulation was placed too close to the fixture and warnings included with the light rendered it safe and had plaintiffs followed directions injury would not have occurred)[1]; *Hood*, 181 F.3d at 611 (Hood's injuries "were the direct result of the alterations he made to the saw"); *Ellsworth*, 303 Md. at 598 (no misuse when the plaintiff wore a nightgown inside out, leading to a pocket catching on fire; wearing the nightgown inside out was "careless" but "reasonably foreseeable as a matter of law"); *Halliday*, 138 Md. App. at 164–65, 169–70 (in accidental self-inflicted shooting death of a child, handgun did not malfunction; plaintiff, decedent's parent, misused the gun by failing to engage manual safety device, use the provided lockbox, properly store the handgun, or properly supervise the young child). Where the misuse of the product is the sole cause of the injury, it stands to reason that the misuse is the intervening or superseding cause, not the defective design of the product itself. *Ellsworth*, 303 Md. at 596 ("Misuse of a product may also bar recovery where the misuse is the *sole* proximate cause of damage, or where it is the *intervening or superseding cause*." (emphasis added)).

Here, when the evidence is viewed in the light most favorable to the Brodskys, KaVo's liability cannot be defeated under the doctrine of misuse because the evidence supports that *both* Henry Schein's failure to install the roll pin *and* KaVo's defective design *together* caused the injury. *See* Leshner Dep. 30:15–31:3; 31:18–32:14; 35:2–36:5; 45:9–11; 47:13–48:1; 52:12–15; 53:19–22; 98:15–99:21; 100:13–20; 101:5–102:2; 127:9–129:8; 133:21–134:1; 137:20–138:4;

---

[1] KaVo argued forcefully in the hearing that *Lightholier* is factually on all fours with this case and thus controls. The Court disagrees. In *Lightholier*, the Maryland Court of Appeals noted that it was "correct [ to] point out that there can be more than one proximate cause of an injury," 387 Md. at 561, but did not find a material question of fact existed as to the alleged design defect being such a cause. This was because "there still existed a very probable risk of fire" due *only* to the plaintiffs' own negligent act, separate and apart from the claimed design defect. *Id.* By contrast, here, the record that evidence demonstrates that KaVo's design defect was a substantial cause of the Helios' failure sufficient for resolution by the trier of fact.

170:1–4; 172:6–17.² In this regard, Leshner's testimony, viewed most in the light most favorable to the Plaintiffs, suggests that had the Helios light been designed consistent with industry standards, the light may very well have not fallen even without installation of a roll pin. *See* Leshner Dep. 172:6–173; *cf.* Leshner Dep. 35:14–16; 127:20–128:2; 53:19–22. Given this evidence, the Court cannot conclude that no reasonable jury would find that KaVo's defective design played a role in the accident. *See Anderson*, 477 U.S. at 247. Put differently, unlike the cases on which KaVo relies, Henry Schein's failure to install a roll pin as required does not, as a matter of law, break the chain of causation of this accident with respect to KaVo. Summary judgment grounded in the doctrine of misuse is inappropriate here.³

That said, an evidentiary issue merits the Court's discussion. To defeat KaVo's misuse theory, the Plaintiffs argue that KaVo's written instructions regarding the dangers in failing to install a roll pin are inadequate, and therefore there is a genuine dispute of material fact. To the extent that, at trial, the claimed inadequacy of the instructions becomes a live issue, the Court is not convinced that on this record that Leshner's opinion is sufficiently factually grounded and is the product of reliable methodology so as to be admissible. Under Rule 702 of the Federal Rules of Evidence,

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

---

² KaVo's expert disputes whether the light was defectively designed, and so a genuine issue of fact also exists as to the Plaintiffs' defective design claims. *See* ECF No. 50 at 1 n.1.
³ Because the Court denies KaVo's summary judgment motion as to the design defect claims, it likewise denies summary judgment as to the derivative loss of consortium claim (Count V).

Fed. R. Evid. 702.

Courts have distilled Rule 702's requirements into two crucial inquiries: whether the proposed expert's testimony is relevant and whether it is reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999); *U.S. v. Forest*, 429 F.3d 73, 80 (4th Cir. 2005); *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999). The party offering the expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001). The testimony must be based on "specialized *knowledge* and not on belief or speculation, and inferences must be derived using scientific or other *valid methods*." *Ogelsby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999) (first emphasis in original, second emphasis added). "Expert testimony rooted in subjective belief or unsupported speculation does not suffice." *Zuckerman v. Wal-Mart Stores E., L.P.*, 611 F. App'x 138, 138 (4th Cir. 2015) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993)) (internal quotation marks omitted); *see Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 340 (D. Md. 2011); *cf. Holesapple v. Barrett*, 5 F. App'x 177, 179 (4th Cir. 2001); *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000) (court's gatekeeping function requires examination of expert's methodology).

Courts retain "broad latitude" to determine the reliability of an expert witness's testimony. *Daubert*, 509 U.S. at 590; *see Kumho Tire*, 526 U.S. at 142. Ultimately, the Court, as gatekeeper, must ensure that "an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire*, 526 U.S. at 152. Reliability is "determined by the 'principles and methodology' employed by the expert," *Holesapple*, 5 F. App'x at 179, and the Court may look for a discernible basis for the expert's opinion in a "government or industrywide standard" or regular practices in the relevant

industry, *Conrad v. CSX Transp., Inc.*, No. MJG-14-51, 2015 WL 3797873, at *5 (D. Md. June 17, 2015), *aff'd*, 633 F. App'x 134 (4th Cir. 2016).

Leshner's opinion on the adequacy of the warnings appears on this record to be based on no more than his self-described "mental analysis." Leshner admitted that he performed no other studies or analyses to reach his opinion, nor, apparently, did he consult with other industry users, consult other instruction manuals for comparable products, or engage in any other due diligence so that he could anchor his opinion with any reliable data or methodology. *See* Leshner Dep. 81:1–83:2. Consequently, Leshner's testimony on this topic appears at this juncture to be little more than his personal beliefs, insufficient for admission as matter of law. *Oglesby*, 190 F.3d at 250; *cf. Pugh v. Louisville Ladder, Inc.*, 361 F. App'x 448, 454 n.4 (4th Cir. 2010); *Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 421 (4th Cir. 1993). Any future motions on the admissibility of Leshner's testimony at trial should squarely address this issue.

### III. CONCLUSION AND ORDER

For the reasons stated above, it is this 14th day of December, 2017, ORDERED that:

1. The Motion for Partial Summary Judgment filed by Plaintiffs ELLEN BRODSKY and YAKOV BRODSKY (ECF No. 42) BE, and the same hereby IS, GRANTED;

2. The Motion for Summary Judgment filed by Defendant KAVO DENTAL TECHNOLOGIES, LLC (ECF No. 45) BE, and the same hereby IS, DENIED;

3. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for all parties.

12/14/2017
Date

Paula Xinis
United States District Judge